IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LOUIS MURRAY, # 109980, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:13cv511-WHA |
| ) | (WO) |
| CHERYL PRICE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Alabama prisoner Louis Murray ("Murray") is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on October 26, 2012.[1]  Murray attacks his 1981 guilty plea conviction in the Montgomery County Circuit Court for possession of a pistol by a person convicted of a crime of violence, in violation of § 13A-11-72, Ala. Code 1975.  He claims that in 1980 he received a full pardon on the 1975 robbery conviction that was the predicate "crime of violence" for the 1981 firearm-possession conviction and that therefore the firearm-possession conviction is void.  Doc. No. 1 at 4.  He then asserts that the allegedly void firearm-possession conviction was improperly used to enhance the sentence he received in 1983 for a robbery conviction, for which he was sentenced as a habitual offender to life without parole.  *Id*.  For the reasons that follow, the court finds that Murray's

---

[1] Murray originally filed his petition (Doc. No. 1) in the United States District Court for the Northern District of Alabama.  That court later transferred his petition to this court.  *See* Doc. Nos. 4 & 5.

§ 2254 petition should be dismissed.

## II. DISCUSSION

### *Maleng*

For the firearm-possession conviction he now attacks, Murray was sentenced on May 29, 1981, to three years' imprisonment, split with one year served in confinement and the remaining term on probation. Resp'ts Ex. A at 27. Thus, Murray's sentence for that conviction expired long before he filed the instant § 2254 petition.

District courts have jurisdiction to entertain a § 2254 habeas petition only from a person who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3); *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000). The United States Supreme Court has stated that § 2254's "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Accordingly, where a petitioner's sentence has fully expired, he does not meet the "in custody" requirement. *Id*. at 492.

In *Maleng*, *supra*, the Supreme Court acknowledged that when a § 2254 petition can be construed as asserting a challenge to a current sentence that was enhanced by an allegedly invalid prior conviction, the prisoner is "in custody" for purposes of federal habeas jurisdiction. *See* 490 U.S. at 493-94. Murray asserts that his allegedly void 1981 firearm-

2

possession conviction was later used to enhance his sentence for a 1983 robbery conviction (following a jury trial in the Montgomery County Circuit Court), for which he was sentenced as a habitual offender to life without parole. Doc. No. 1 at 4.

### *Lackawanna*

Even though a prisoner may be deemed "in custody" where a current sentence was enhanced by an allegedly invalid prior conviction, the mere fact that a prior conviction was used to enhance a current sentence does not entitle the prisoner to challenge the prior conviction. In *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394 (2001), the Supreme Court held that a prisoner may use a § 2254 petition to challenge a prior expired state conviction used to enhance a current sentence *only* where counsel was not appointed in the prior conviction in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963). 532 U.S at 404-05; *see also Daniels v. United States*, 532 U.S. 374, 382-84 (2001). Stated simply, the *Lackawanna* exception is not implicated where a defendant was represented by counsel during the proceedings related to his prior conviction underlying the expired sentence. *See Hubbard v. Haley*, 317 F.3d 1245, 1256 n.20 (11th Cir. 2003). Murray neither alleges nor demonstrates that his 1981 firearm-possession conviction was uncounseled, and the record reflects that he was represented by counsel, attorney Jack Wallace, in those proceedings. *See* Resp'ts Ex. A at 26-29. Thus, the *Lackawanna* exception does not apply in this case, and Murray may not use a § 2254 petition to challenge his prior expired state conviction. For this

3

reason, Murray's petition is due to be dismissed.[2]

## Federal Time-bar

Murray is also not entitled to attack his expired state conviction because he did not satisfy the procedural prerequisites for § 2254 relief, a necessary component of a collateral attack even where the *Lackawanna* exception is properly implicated. *See Lackawanna*, 532 U.S at 404. Specifically, Murray's challenge to his 1981 firearm-possession conviction is time-barred by the one-year limitation period applicable to § 2254 petitions, *see* 28 U.S.C. § 2244(d).[3]

---

[2] In *Lackawanna*, the Supreme Court noted:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

532 U.S. at 403-04 (citation omitted). Murray has never succeeded in any attempts in the Alabama courts to have his 1981 firearm-possession conviction vacated.

[3] Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing

(continued...)

The Montgomery County Circuit Court imposed the sentence for the firearm-possession conviction now challenged by Murray on May 29, 1981. Murray did not file an appeal. By operation of law, then, his conviction became final on July 10, 1981 – i.e., 42 days after imposition of sentence – as that was the date on which his time to seek direct review expired. *See* Ala.R.App.P. 4(b)(1); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996. Murray's conviction became final well before enactment of the AEDPA. The Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Murray], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v.*

---

[3](...continued)
      by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

*Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). The Court has further held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is "one year from the AEDPA's effective date." *Id*. Therefore, under § 2244(d)(1), Murray had until April 24, 1997, to file a timely § 2254 petition challenging his firearm-possession conviction. He did not file his petition until October 26, 2012.

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although in April 2011 Murray filed a state post-conviction petition challenging his firearm-possession conviction, that petition did not toll the one-year period of limitation applicable to this action, because the state petition was filed long after the one-year federal limitation period had already expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year federal statute of limitations has expired, it does not toll the statute because no time remains to be tolled).

Although he was allowed an opportunity to show cause why his petition should not be deemed untimely, Murray has not shown how any of the statutory tolling provisions of 28

U.S.C. § 2244(d)(1) (B)-(D) or principles of equitable tolling apply in his case[4] so that the one-year limitation period for him might be deemed to have started on some date later than April 24, 1996. Consequently, even if Murray were subject to the *Lackawanna* exception for habeas challenges to expired convictions (and he is not), he is not entitled to attack his expired conviction because his § 2254 petition is untimely.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED, because this court is without jurisdiction to consider Murray's challenge to his expired firearm-possession conviction and because Murray's challenge to that conviction is also time-barred under 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before June 29, 2015. A party must specifically identify the findings in the Recommendation

---

[4] There is no evidence that any unconstitutional or illegal State action impeded Murray from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Murray presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). And he submits no grounds for relief for which the factual predicate could not have been discovered at a far earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D). (Although he asserts that the 1980 pardon he received for his 1975 robbery conviction is a factual predicate he could not have discovered earlier, Murray does not argue persuasively how he could not have discovered this fact decades before he filed his § 2254 petition.) Further, Murray fails to set forth facts that demonstrate "extraordinary circumstances" and the exercise of due diligence to warrant equitable tolling of the limitation period. *See Holland v. Fla.*, 560 U.S. 631 (2010); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 12th day of June, 2015.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

8